IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

Tate, Patrick S.,
      Plaintiff,

v.                                  Case No. 20-CV-704-jdp

John Doe., et al.,
      Defendants.

---

### DECLARATION IN SUPPORT OF PLAINTIFF'S OBJECTION
### TO DEFENDANT'S MOTION TO SCREEN PLAINTIFF AMENDED COMPLAINT
### AS MERITLESS AND MOOT

---

I, SEAN TATE, declare under the penalty of perjury:

1. I, Sean Tate (hereafter, Plaintiff), states that I am an adult of sound age and mind and is competent to testify to matters stated herein and make this declaration based upon my own personal knowledge, and from the facts and discovery obtained in this case.

2. On 7/30/21, Plaintiff filed a 42 U.S.C. 1983 Civil rights complaint alleging an eighth amendment violation of his rights against several defendants and several John Doe defendants, while confined at the Fox Lake Correctional Institution. (**Dkt. 9**). The Court screened the complaint and allowed the plaintiff to proceed with his Eighth Amendment claims. (**Dkt. 11**).

3. On April 14, 2021, the court held a scheduling conference, in which an order was issued ordering plaintiff to conduct discovery in an attempt to identify the John doe defendants. The court also inform the plaintiff that he could not add claims to the complaint, and could only identify the john doe defendants whom he thinks were involved in the violation of his rights, unless he files a motion to amended complaint. (**Dkt. 18**).

4. In response to plaintiff's discovery request, the defendants provided the names and work schedules of the defendant officers that worked "only" 3rd shift from the time the violation occurred until reported by plaintiff. which listed 37 officers that worked only during that time frame the assaults occurred from Aug.-Oct. 2016.

5. The plaintiff filed a motion to amend the complaint and submitted the Second amended complaint for the court. (**Dkt. 20**). The plaintiff asserts that basically that no additional claims have been added to the complaint. Plaintiff only listed the John Doe defendants (7 to 37) that could be involved in the violation of the plaintiff rights; and submitted Newspaper Articles which were mistakenly omitted from the first complaint, in which numerous State elected officials stated that the Wisconsin prisons were overcrowded and understaffed and creates an

unsafe environment for staff and inmates. see (**Dkt. 20, Ex-1**). Newspaper articles, are self-authenticating under FED. R. EVID. 902(6)). See *Price v. Rochford*, 947 F.2d 829, 833 (7th Cir.1991); *Hennessy v. Penril Datacomm Networks, Inc*. 69 F.3d 1344, 1354–55 (7th Cir.1995)(While the court may take judicial notice of the fact of filing ..., documents are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents); See, also *D.L. v. Unified School Dist. # 497*, 270 F.Supp.2d 1217, 1235 (D.Kan.2002) (newspaper articles admissible to show fact of publication and as evidence of an agent's statement).

6. On June 22, 2021, the defendants filed a Motion To Screen DKT. 20 with the Court alleging: (a) That the complaint raises additional claims against 36 new defendants. (**Dkt. 22:2, ¶ 3**); and (b) That Defendants provided photos of employees so plaintiff can identify those employees who he believes violated his rights. He cannot simply name every employee and attempt to obtain DNA from everyone. (**Dkt. 22:2 ¶ 4**).

7. On June 24, 2021, plaintiff was called to the Inmate Complaint Examiners office to view photos of some officers that worked on the unit the assaults occurred. Eleven (11) of the officers photos were missing.

8. On June 25, 2021, the plaintiff submitted his second request for discovery to both the defendants, and new defendants in this case matter.

9. Plaintiff believes that his filing is correct, the complaint does not raise new claims, all claims raised in his new amended complaint (**Dkt. 20**), are the same claims raised in his original complaint (**Dkt. 11**) filed in this case matter, with the addition of the mistakenly omitted newspaper articles. The court should deny the defendant's motion.

10. Plaintiff asserts that the defendants contend that because they provided photos of employees so plaintiff can identify those employees who he believes violated his rights. He cannot simply name every employee and attempt to obtain DNA from everyone, is without merit, and should be denied.

11. The plaintiff asserts that he HAS NOT named every employee at Fox Lake Correctional Institution (FLCI). There are over 400 employees and 11 Units at FLCI. The plaintiff only named the employees who worked on Unit-2 during the times frame the assaults occurred. And because the assaults occurred "ONLY" during 3rd shift, in which plaintiff was drugged and unconscious asleep, the listing of the 36 John Doe-defendant officers, that worked only during those times are justified. The photos only allow plaintiff to excluded female officers: Hisel and Bobiak from a DNA request.

12. Plaintiff asserts that a document was submitted and attached to the complaint showed that DNA evidence was recovered from the evidence provided to the detective by plaintiff of an unidentified person-(John Doe) that was not in the (CODIS) DNA database. see (**Dkt. 20, Ex-A**). Plaintiff cannot compare DNA to a photo.

13. Plaintiff asserts that the the defendants contentions that the plaintiff cannot attempt to obtain DNA from the 36 new defendants, is without merit and should be denied.

14. The plaintiff asserts that The Court may order Defendant Correctional Officers to provide DNA samples pursuant to Rule 34 or 35. Therefore, the Federal courts have used the authority of Rule 35 to order DNA testing in sexual-harassment lawsuits, e.g., *D'Angelo v. Potter*, 224 F.R.D. 300, 302, 304 (D. Mass. 2004); *McGrath v. Nassau Health Care Corp.*, 209 F.R.D. 55, 60, 65 (E.D.N.Y. 2002); *Strong v. Wisc.*, No. 07-C-086-C, 2007 WL 5445863, at *1 (W.D. Wis. 2007) (unpublished opinion); to establish standing to bring a wrongful-death *528 claim, *Turk v. Mangum*, 268 F.Supp.3d 928, 939 (S.D. Tex. 2017); and to help determine whether the beneficiary of a murdered victim's insurance proceeds may have been involved in the murder, *Kiniun v. Minnesota Life Insurance Company*, No. 3:10CV399/MCR/CJK, 2012 WL 12899102, at *2-3 (N.D. Fla. 2012) (unpublished opinion). The discovery provision found in Federal Rule 35 explicitly allows for blood tests, one method by which DNA samples could be obtained and a more intrusive method than the cheek swabs often used now. At least two other states have interpreted similar civil-discovery provisions to allow DNA testing. E.g., *Kaull v. Kaull*, 389 Ill.Dec. 271, 26 N.E.3d 361, 367 (App. 2014); *In re Estate of Gaynor*, 13 Misc. 3d 331, 333, 818 N.Y.S.2d 747 (2006).

15. Plaintiff asserts that if a DNA test establishes that the DNA in the State CODIS database belongs to one of the defendants, the other 35 defendants not involved in any way, would be excluded and dismissed from the case in the first place. Therefore, the defendant's claim that the plaintiff cannot obtain DNA samples from the 36 officials is without merit, and should be denied.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Dated this 29th day of June 2021.

Respectfully Submitted

Sean Tate #291459
OCI
BOX 938
Oregon, WI 53575