IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK S. TATE,

                Plaintiff,

v.

JOHN DOE (CORR OFFICER),
RANDALL HEPP, MARK SCHOMISCH,
BRUCE SIEDSCHLAG, and JOHN DOES 2–5,

                Defendants.

OPINION and ORDER

20-cv-704-jdp

---

    Plaintiff Patrick S. Tate, appearing pro se, is a former inmate in the Wisconsin prison system. I have allowed Tate to proceed on claims relating to his allegation that when he was incarcerated at Fox Lake Correctional Institution, he was drugged and sexually assaulted by an as-yet-unidentified correctional officer and that he was later physically assaulted by another inmate after he complained about the sexual assaults. Dkt. 11.

    The matter before the court concern's Tate's efforts to identify the Doe defendants in an amended complaint. Dkt. 28. (I will disregard Dkt. 20, a previous amended complaint.)

    John Does 2–4 are not problematic. Tate names defendants John Does Nos. 2–4 as E. Devries, C. Wiersma, and J. Szweda. Tate has also amended his theory against Devries and Wiersma. Rather than including Devries and Wiersma with Szweda as staff members who directly failed to intervene when a gang member physically assaulted him, Tate now says that Devries and Wiersma are culpable under the same theory underpinning his claims against defendants Schomisch and Hepp: they were aware of a series of assaults at the prison but they turned a blind eye to the risk of future assaults. I'll allow Tate to amend his complaint with

the identities of Does Nos. 2–4 and the revised theory for his claims against Devries and Wiersma.

Tate doesn't name a Doe No. 5, so I infer than he means to dismiss that defendant.

But Doe No. 1, the officer who drugged and sexually assaulted him, presents a problem. Tate identifies a group of 37 officers who worked on third shift, which is when he was assaulted. Tate says that the correct identity of the Doe can be determined by comparing DNA samples from the 37 officers to the DNA sample taken from Tate's underwear after one of the assaults. *See* Dkt. 28-2. Tate reasons that the perpetrator must be a prison staff member because the state crime lab reports that the DNA sample from his underwear did not match anyone in the state's database; he says that all inmates have a sample placed in the database. Tate also concedes that that the two women among the 37 officers can be removed from the list because the state crime lab identifies the DNA sample as coming from a man. So he wants DNA samples from the 35 male officers, which he says is authorized under Federal Rule of Civil Procedure 35. *See* Dkt. 29, at 3.

Defendants object to Tate's proposed method of identifying Doe No. 1. Dkt. 22. They say that they have already provided photographs of employees to Tate so that he could identify the Does, and they argue that Tate "cannot simply name every employee and attempt to obtain DNA from everyone," Dkt. 22, at 2, although they cite no authority for this proposition. (Defendant's submission was directed at Dkt. 20, the earlier amended complaint, but the argument applies as well to the operative complaint.)

Tate responds that the set of photographs was incomplete, and, more important, he was assaulted while he was unconscious, so photos won't be enough to identify the perpetrator. Tate wants DNA samples taken from the 35 officers, citing cases from various jurisdictions in

2

which, under certain circumstances, courts have allowed a party to collect a DNA sample from an opposing party. *See Kiniun v. Minnesota Life Ins. Co.*, No. 3:10CV399/MCR/CJK, 2012 WL 12899102, at *1 (N.D. Fla. May 11, 2012) (under Rule 35, allowing third-party defendants to obtain DNA sample from plaintiff in insurance dispute who defendants alleged murdered his mother for insurance proceeds); *Strong v. Wisconsin*, No. 07-C-86-C, 2007 WL 5445863, at *1 (W.D. Wis. May 25, 2007) (allowing plaintiff to obtain DNA sample from defendant under Rule 35 to prove sexual contact between the parties); *McGrath v. Nassau Health Care Corp.*, 209 F.R.D. 55, 59–62 (E.D.N.Y. 2002) (surveying law on DNA discovery and allowing defendant to obtain DNA sample from plaintiff to prove his allegation of consensual sexual contact with plaintiff on a blanket stained with their bodily fluids).

Based on these cases, I'd likely allow Tate to obtain a DNA sample if he were seeking the sample from a particular person that he could identify as the defendant perpetrator, because Rule 35(a)(1) allows the court to "order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." But Tate has not actually identified the perpetrator. He has stated a claim against John Doe No. 1; he has not stated claims against each of the 35 people that might be Doe No. 1. Tate cites no authority (and my own research reveals none) allowing a plaintiff to use Rule 35 to obtain DNA evidence from multiple people to ascertain the identity of a Doe defendant. I will deny Tate's request to obtain DNA samples without prejudice. For now, the alleged perpetrator will remain Doe No. 1.

Tate's allegations of sexual assault raise a plausible claim of serious misconduct that appears to be at an impasse because of the logistical difficulties in identifying the Doe defendant. This issue is likely too complex for Tate to handle himself as a pro se litigant.

3

Therefore, I determine that it is appropriate for the court to attempt to recruit counsel to represent Tate for the limited purpose of identifying the Doe defendant. The current schedule is struck. If I find counsel willing to represent Tate, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. Tate is advised that the search for counsel may take several months, and there is no guarantee that the court will find counsel willing to represent him.

Defendants have filed a motion to amend the schedule to set new expert-disclosure and dispositive motion deadlines, Dkt. 32, which I will deny as moot.

### ORDER

IT IS ORDERED that:

1. Plaintiff Patrick S. Tate's motion for leave to amend his complaint, Dkt. 19, is GRANTED in part. Dkt. 28 is the operative pleading. Plaintiff is now granted leave to proceed on Eighth Amendment claims against defendants Bruce Siedschlag, Randall Hepp, Mark Schomisch, E. Devries, C. Wiersma, J. Szweda, and John Doe correctional officer No. 1.

2. Defendant John Doe correctional officer No. 5 is DISMISSED.

3. Defendants' motion to screen the complaint, Dkt. 22, is DENIED as moot.

4. Plaintiff's motion for medical examination under Federal Rule of Civil Procedure 35, Dkt. 29, is DENIED.

5. The current schedule is STRUCK and the court will attempt to locate counsel to represent plaintiff for the limited purpose of identifying the Doe defendant.

6. Defendants' motion to amend the schedule, Dkt. 32, is DENIED as moot.

Entered February 11, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge