IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK S. TATE,

      Plaintiff,

      v.                        Case No. 20-CV-0704

JOHN DOE, et al.,

      Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 28)

Defendants Bruce Siedschlag, Randall Hepp, Mark Schomisch, Eugene Devries, Carl Wiersma, and John Szweda by their attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Gesina S. Carson and Pauline Toulouse, answer Plaintiff's Second Amended Complaint (Dkt. 28) as follows:

## SECOND AMENDED CIVIL RIGHTS COMPLAINT

Answering the introductory paragraph of Plaintiff's Second Amended Complaint, Defendants DENY they violated Plaintiff's rights in any manner and DENY that Plaintiff is entitled to any relief or damages in this matter.

**I.**    **PLACE OF CONFINEMENT**:  Defendants DENY Plaintiff is an inmate currently confined at Oakhill Correctional Institution. Defendants AFFIRMATIVELY ALLEGE Plaintiff has been paroled and his current known address is 400 West Bitters Road, Apartment 702, San Antonio, Texas 78216.

A.    ADMIT.

B.     ADMIT.

C.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs C1 and C2, and therefore, DENY.

D.     Not applicable.

## II.   **PREVIOUS LAWSUIT:**

A.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

B.     DENY.

## III.   **JURISDICTION:**

A.     ADMIT.

B.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 11, 34), Plaintiff is not allowed to proceed on any State law tort claims in this matter. To the extent any response is required, Defendants DENY.

## IV.   **PARTIES:**

1.     Defendants DENY Plaintiff[1] is an inmate currently confined at the Oakhill Correctional Institution. Defendants AFFIRMATIVELY ALLEGE Plaintiff has been paroled and his current known address is 400 West Bitters Road, Apartment 702, San Antonio, Texas 78216.

---

[1] The name with which Plaintiff was admitted to the Wisconsin Department of Corrections is Sean P. Tate.

2.      Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 11), Plaintiff is not allowed to proceed against Kevin Carr. To the extent a response is required, Defendants DENY.

3.      Defendants DENY and AFFIRMATIVELY ALLEGE Randall Hepp was formerly employed as the Warden at Fox Lake Correctional Institution.

4.      Defendants DENY and AFFIRMATIVELY ALLEGE that Mark Schomisch was formerly employed as the Security Director at Fox Lake Correctional Institution.

5.      Defendants DENY and AFFIRMATIVELY ALLEGE that Bruce Siedschlag was formerly employed as a Corrections Program Supervisor at Fox Lake Correctional Institution.

6.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

7.      Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against L. Hisel. To the extent a response is required, Defendants DENY.

8.      Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against S. Schulz. To the extent a response is required, Defendants DENY.

9.      Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Beekman. To the extent a response is required, Defendants DENY.

10.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against M. Napralla. To the extent a response is required, Defendants DENY.

11.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against D. Kuglin. To the extent a response is required, Defendants DENY.

12.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against M. Bobiak. To the extent a response is required, Defendants DENY.

13.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against R. Waas. To the extent a response is required, Defendants DENY.

14.    Defendants DENY.

15.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against D. Bittner. To the extent a response is required, Defendants DENY.

16.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against Chris Cote. To the extent a response is required, Defendants DENY.

17.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Bender. To the extent a response is required, Defendants DENY.

18.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against S.P. Martin. To the extent a response is required, Defendants DENY.

19.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against E. Loomans. To the extent a response is required, Defendants DENY.

20.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against G. Pierce. To the extent a response is required, Defendants DENY.

21.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Harke. To the extent a response is required, Defendants DENY.

22.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against S. Toombs. To the extent a response is required, Defendants DENY.

23.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against P. Przybylinski. To the extent a response is required, Defendants DENY.

24.  Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against D. Roeber. To the extent a response is required, Defendants DENY.

25.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against C. Szopinski. To the extent a response is required, Defendants DENY.

26.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against B. Pontow. To the extent a response is required, Defendants DENY.

27.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against N. Kearns. To the extent a response is required, Defendants DENY.

28.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against C.H. Schmitt. To the extent a response is required, Defendants DENY.

29.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against T. Keller. To the extent a response is required, Defendants DENY.

30.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against S. Randt. To the extent a response is required, Defendants DENY.

31.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against Michael Hill. To the extent a response is required, Defendants DENY.

32.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Hepp. To the extent a response is required, Defendants DENY.

33.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against M. Glamann. To the extent a response is required, Defendants DENY.

34.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Stigen. To the extent a response is required, Defendants DENY.

35.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against M. Fisher. To the extent a response is required, Defendants DENY.

36.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against D. Tervonen. To the extent a response is required, Defendants DENY.

37.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against P. Green. To the extent a response is required, Defendants DENY.

38.    Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Sutton. To the extent a response is required, Defendants DENY.

39.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against J. Bleiler. To the extent a response is required, Defendants DENY.

40.     Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 34), Plaintiff is not allowed to proceed against LA Anderson. To the extent a response is required, Defendants DENY.

41.     Defendants DENY.[2]

42.     Defendants DENY.

43.     Defendants DENY.

## V.   **INTRODUCTION:**

Answering all paragraphs under this heading, Defendants DENY. Defendants further DENY Plaintiff is entitled to any relief or damages in this matter.

## VI.   **STATEMENT OF CLAIM:**

1.     DENY.

2.     DENY.

3.     DENY.

4.     DENY.

5.     DENY.

6.     DENY.

---

[2] Plaintiff named E. Devries as a defendant in this lawsuit. The Department of Justice (DOJ) has identified Eugene Devries as an employee matching those initials. However, Defendant Devries was not employed at Fox Lake Correctional Institution (FLCI) at the time of the alleged incidents. The DOJ has identified another DOC employee who shares the same last name – Jeffrey Devries. Until Defendants' counsels learn otherwise, they will continue to defend Eugene Devries against Plaintiff's claims. Plaintiff can file a motion with the Court should he wish to dismiss any defendant and amend his complaint.

7.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

8.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

9.      DENY.

10.     DENY.

11.     Defendants ADMIT only that Plaintiff was transferred to FLCI on March 11, 2016. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

12.     DENY.

13.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

14.     Defendants ADMIT only that Plaintiff and Antonio Thornton were cellmates for several months in 2016. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

17.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

18.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

19.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

20.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

21.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

22.   DENY.

23.   DENY.

24.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

25.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

26.   Defendants DENY that "nothing was done" in response to Plaintiff's allegations of sexual harassment. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

27.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

29.     Defendants DENY any inference that they retaliated against Plaintiff because he filed complaints or lawsuits against staff. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

30.     Defendants DENY that they covered up an assault. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

32.     Defendants ADMIT only that there was an altercation between Plaintiff and another inmate on February 10, 2017. Defendants DENY that Defendant Szweda "intentionally left his post" to allow Plaintiff to be assaulted. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

33.     Defendants ADMIT only that Plaintiff was taken to segregation after the altercation. Defendants DENY that Defendant Szweda sanctioned the attack on Plaintiff. Defendants further DENY that Defendant Szweda left his post to allow the assault to happen. Defendants lack

sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

34. DENY.

35. DENY.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

37. ADMIT.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

39. Defendants DENY that "nothing was done" in response to Plaintiff's allegations of sexual harassment. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

42. Defendants DENY they were put on notice there was a strong likelihood that other inmates could be sexually and physically assaulted at FLCI. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

43. DENY.

44. DENY.

45. DENY.

46. Defendants AFFIRMATIVELY ALLEGE Plaintiff was transferred to Jackson Correctional Institution on July 25, 2017. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

50. DENY.

51. Defendants DENY Plaintiff made an open records request to Jackson Correctional Institution (JCI) on December 10, 2017. Defendants AFFIRMATIVELY ALLEGE Plaintiff did file an open records request to Fox Lake Correctional Institution on January 8, 2018. Defendants further ALLEGE Plaintiff was sent a response to his request on January 26, 2018.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

13

53. Defendants DENY Plaintiff received a response to his open records request on January 30, 2018. Defendants AFFIRMATIVELY ALLEGE Plaintiff did receive a response to his open records request on January 26, 2018.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

55. DENY.

56. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

57. DENY.

58. DENY.

59. DENY.

60. DENY.

61. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

62. DENY.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

64. DENY.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, DENY.

66. DENY.

**VII.   <u>CAUSE OF ACTION</u>:**

**COUNT I (8th and 14th Amendment Violation)**

Defendants hereby incorporate by reference all of their responses to paragraphs 1-66 above as if fully set forth herein.

Answering the Count I (8th and 14th Amendment violation) section of Plaintiff's Second Amended Complaint, Defendants DENY they violated Plaintiff's rights in any manner and DENY Plaintiff is entitled to any relief or damages in this matter.

**COUNT II (State Law Tort)**

Answering the Count II (State Law Tort) section of Plaintiff's Second Amended Complaint, Defendants AFFIRMATIVELY ALLEGE that pursuant to the Court's Screening Order (Dkt. 11, 34), Plaintiff is not allowed to proceed on any State law tort claims in this matter. To the extent any response is required, Defendants DENY.

**VIII.   <u>REQUESTED RELIEF</u>**

Answering all paragraphs (A, B, and C) under the above heading, Defendants DENY Plaintiff is entitled to any of the requested relief. Defendants further DENY they violated Plaintiff's rights in any manner.

**IX.   <u>JURY TRIAL DEMAND</u>**

Defendants join in Plaintiff's request for a jury trial.

<u>OTHER</u>

Defendants DENY any and all allegations in Plaintiff's Second Amended Complaint not specifically answered above.

## **AFFIRMATIVE DEFENSES**

As and for the affirmative defenses in this action, Defendants state as follows:

1.      All or portions of Plaintiff's Second Amended Complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2.      To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's Second Amended Complaint must be dismissed pursuant to the doctrine of qualified immunity.

3.      To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's Second Amended Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4.      Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e).

5.      Defendants reserve the defense of Plaintiff's failure to mitigate damages.

**WHEREFORE**, the Defendants demand judgment dismissing Plaintiff's Second Amended Complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of Defendants' reasonable attorney fees and expenses.

Dated this 4th day of March 2022.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Pauline Toulouse

16

PAULINE TOULOUSE
Assistant Attorney General
State Bar #1087799

GESINA SEILER CARSON
Assistant Attorney General
State Bar #1055162

Attorneys for Defendants Siedschlag, Hepp,
Schomisch, Devries, Wiersma, and Szweda

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1672 (Carson)
(608) 264-9451 (Toulouse)
(608) 294-2907 (Fax)
carsongs@doj.state.wi.us
toulousep@doj.state.wi.us